UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATIVIDAD EDWARDS, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05CV1238(JCH) |
| NEW OPPORTUNITIES INC. et. al., | : | |
| Defendants. | : | JUNE 15, 2006 |

**RULING ON DEFENDANTS' PARTIAL MOTIONS TO DISMISS [Doc. Nos. 20 & 43]
AND MOTIONS FOR A MORE DEFINITE STATEMENT [Doc. Nos. 23, 35, & 48]**

**I.    INTRODUCTION**

The plaintiff, Natividad Edwards ("Edwards"), proceeding <u>pro se</u>, brings suit

against twenty-six defendants.  Edwards' claims arise from her employment by the

Connecticut Department of Labor's Workforce Connection Project.

A number of the defendants have moved pursuant to Rule 12(e) of the Federal

Rules of Civil Procedure for this court to require Edwards to make a more definite

statement of the grounds on which she seeks to hold the defendants liable.  In

response to those Rule 12(e)  motions, Edwards has filed a "Definite Statement" [Doc.

No. 49], which, in substance, is a second amended complaint.  The court will construe

the "Definite Statement" as a Second Amended Complaint.

The state defendants filed an Answer to the Second Amended Complaint [Doc.

No. 65].  Although the other defendants who had filed Rule 12(e) motions have not yet

filed answers, in light of the filing of the Second Amended Complaint, the court will

dismiss all of the Rule 12(e) motions as moot, without prejudice to the non-state

defendants who previously filed Rule 12(e) motions to file Rule 12 motions should they

find that they have legitimate grounds for doing so in light of the Second Amended Complaint.  See KiSKA Const. Corp.-USA v. G & G Steel, Inc., No. 04CIV9252CSH, 2005 WL 1225944, at *2 (S.D.N.Y. May 20, 2005).

Because Edwards is proceeding pro se, the court construes her Second Amended Complaint broadly and interprets it "to raise the strongest arguments it suggests."  Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004).  The Second Amended Complaint may be interpreted to allege that all twenty-six defendants are liable for violations of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn.Gen.Stat. § 46a-60(a)(1),[1] as well as Title VII of the United States Code, 42 U.S.C. § 2000e et. seq.  2d Am. Compl. ¶ 6 [Doc. No. 49], and that Catherine Awwad ("Awwad") is liable pursuant to Connecticut General Statutes § 46a-60(a)(5), id. at Counts 1, 3, 7.  The Second Amended Complaint also appears to assert a common law fraud claim against Awwad, see id. at Count 4, and alleges that Awwad discriminated against Hispanic clients in "a direct violation of a protected class under the 14th Amendment of the Constitution of the United States," id. at Count 6.

In Count 2 of the Second Amended Complaint, Edwards alleges, "The Co-defendant is guilty of personal liability under 30 C.S.S. § 226 cited §227 with relation to the Workforce Investment Act Systems 29 U.S.C. § 2801, Entitlement Programs and federal funding improprieties under the premises of the State of Connecticut Department of Labor . . ." [Doc. No. 49].  The court does not know what cause of action

---

[1]Although Edwards does not specify that her claims are based on subsection (a)(1) or Title VII, her factual allegations, combined with her general citation to the CFEPA, lead the court to construe the claim in paragraph 6 as a claim under subsection (a)(1) and the parallel provision of Title VII.

2

Edwards is attempting to assert in this Count 2.  Similarly, it does not know what, if any, additional cause(s) of action Edwards intends to assert by her allegations in Counts 4 (excluding the first sentence), 5, 8, or 9.  It orders her to show cause, within ten days from the date of this ruling, why the court should not dismiss Counts 2, 4, 5, 8, and 9 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim in those Counts upon which relief may be granted.

Two groups of defendants have filed motions to dismiss.[2]  The first, to which the court will refer as the  "NRWIB defendants," include Awwad, Northwest Regional Workforce Investment Board Inc. ("NRWIB"), Darlene Tynan ("Tynan"), and Kathy Craig ("Craig").  See NRWIB Defs.' Mot Dismiss [Doc. No. 20].  The second, the "JJDULA defendants," include John O'Connor ("O'Connor"), Mary Carr ("Carr"), Thomas Bathur ("Bathur"), and John J. Driscoll United Labor Agency, Inc. ("JJDULA").  See JJDULA Defs.' Mot. Dismiss [Doc. No. 43].  Both motions to dismiss allege (1) that the CFEPA claims are untimely; (2) that Title VII claims cannot be asserted against individuals; and (3) that the Title VII claims cannot be asserted against the respective organizational defendants because they were not Edwards' employers.  Because both motions to dismiss address only CFEPA and Title VII claims, the court treats them as partial motions to dismiss.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader.  Hoover v. Ronwin,

---

[2]  Although they are based on the first Amended Complaint, both motions to dismiss address claims that remain in the Second Amended Complaint.  The court therefore will reach the merits of the arguments at this time.

466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d

Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds

by Davis v. Scherer, 468 U.S. 183 (1984).  The court must draw all reasonable

inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir.

2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States,  319 F.3d

550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to

dismiss).

      "A case is properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate

it." Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff generally

has the burden of proving by a preponderance of the evidence that jurisdiction exists.

Id.  "[W]hen subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the

movant and the pleader may use affidavits and other pleading materials to support and

oppose such motions," without converting the motion to one for summary judgment.

Golnik v. Amato, 299 F.Supp.2d 8, 13 (D.Conn. 2003) (internal citations omitted).

      A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests

only the adequacy of the complaint.  United States v. City of New York, 359 F.3d 83, 87

(2d Cir. 2004).  A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion to

dismiss cannot be granted simply because recovery appears remote or unlikely on the

face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is

not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims." Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard.  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996).

## III.   DISCUSSION

### A.   Timeliness of CFEPA Claims

The NRWIB defendants and JJDULA defendants argue that the court lacks subject matter jurisdiction over Edwards' CFEPA claims because she did not file her original Complaint within 90 days of receiving a right to sue letter from the Connecticut Commission on Human Rights and Opportunities (CHRO).  Connecticut General Statutes section 46a-100 provides,

> Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business . . . .

Section 46a-101(e) provides, "Any action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission."  This court lacks jurisdiction over section 46a-100 claims that are brought more than ninety days after the plaintiff's receipt of a right to sue letter from the CHRO.  Golnik v. Amato, 299 F.Supp.2d 8, 13-14 (D.Conn. 2003).

Edwards, the NRWIB defendants, and the JJDULA defendants all agree that Edwards could have received, or did receive, her CHRO release as late as April 23, 2005.  Although the file stamp on Edwards' original Complaint bears the date August 4, 2005, the Complaint appears to have been submitted to this court with Edward's motion for leave to proceed in forma pauperis on July 14, 2005.  See Plf.'s Mot. Leave to File in

Forma Pauperis [Doc. No. 1]; Plf.'s Am. Mot. Opp. Mot. Dismiss at 2 [Doc. No. 59]; <u>see also</u> Compl. [Doc. No. 3].  The latter date falls within the statutory limitation period, making the filing timely.  <u>See</u> <u>Toliver v. Cty. of Sullivan</u>, 841 F.2d 41 (2d Cir. 1988). Therefore, the court declines to dismiss the CFEPA claims on grounds of untimeliness.

## B.    Individual Defendants

The moving defendants argue that Edwards' Title VII claims should be dismissed insofar as they are asserted against individual defendants.  In light of the court's ruling that the CFEPA claims are timely, the court will also consider whether this argument by the defendants applies to the CFEPA claims.

Title VII permits a plaintiff to sue her employer, but not individual supervisors or other employees.   <u>See</u> <u>Tomka v. Seiler Corp.</u>, 66 F.3d 1295, 1313-14 (2d Cir. 1995). Therefore, the court grants the motion to dismiss all Title VII claims against individual defendants in this case pursuant to Rule 12(b)(6) for failure to state a claim.[3]  Similarly, the Connecticut Supreme Court has found that there is no individual liability under the parallel provision of the CFEPA, Conn. Gen. Stat. § 46a-60(a)(1).[4]  <u>Perodeau v. City of</u>

---

[3]In light of the recent Supreme Court ruling in <u>Arbaugh v. Y & H Corp.</u>, the court finds that Title VII's requirement that a defendant be the plaintiff's "employer" is not jurisdictional.  <u>See</u> 126 S.Ct. 1235, 1245 (2006) ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue.  But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.").

[4] It shall be a discriminatory practice in violation of this section . . . [f]or an employer, by the employer or the employer's agent, except in the case of a bona fide occupational qualification or need, to refuse to hire or employ or to bar or to discharge from employment any individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental

Hartford, 259 Conn. 729, 734-44 (2002).

 The court therefore grants the motion to dismiss to the extent that the Second Amended Complaint may be construed to allege violations of Section 46a-60(a)(1) by individual defendants.  However, individual defendants, even if not employers, may be liable for violations of  Connecticut General Statutes sections 46a-60(a)(5).[5]  Perodeau, 259 Conn. at 737-38.  Therefore, the court denies the motion to dismiss with respect to Edwards' claim that Awwad aided and abetted discriminatory practices in violation of section 46a-60(a)(5).  See 2d Am. Compl. Count 1 [Doc. No. 49].

  **C.** **Title VII and CFEPA Against NRWIB and JJDULA**

 NRWIB and JJDULA argue that they are not the plaintiff's employers, and therefore are not subject to liability under Title VII.  As above, the court will consider this argument with respect to both Title VII and the CFEPA.

 Title VII claims may be asserted only against the plaintiff's "employer," a term that the statute defines as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b), cited in Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 197 (2d Cir. 2005) (holding that employers are limited to (1) a plaintiff's formal

---

   retardation, learning disability or physical disability, including, but not limited to, blindness.

Conn.Gen.Stat. § 46a-100(a)(1).

 [5] This section states, "It shall be a discriminatory practice in violation of this section: . . . For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so."  Conn.Gen.Stat. § 46a-100(a)(5).

employer, (2) an entity that is "actually part of a single integrated enterprise" with the plaintiff's formal employer, or (3) an entity that "handle[s] certain aspects of their employer-employee relationship jointly" with the formal employer and "constructively employ[s]" the plaintiff); see also Lenoble v. Best Temps, Inc., 352 F.Supp.2d 237, 243-46 (D.Conn. 2005) (listing factors to be considered in determining whether a plaintiff can establish that a defendant falls into category (2) or (3)).

Edwards alleges that she was hired by the "City of Waterbury, at 249 Thomaston Avenue, Department of Labor under the Workforce Connection Program." 2d Am. Compl. ¶ 4. Nowhere in her Second Amended Complaint does Edwards allege that NRWIB or JJDULA were her employers. She alleges generally that, "[u]pon information and belief, the co-defendants are a multi-partnership entity located at 249 Thomaston Avenue, City of Waterbury, New Haven County, State of Connecticut Department of Labor." Id. at ¶ 3. Even construed broadly, however, this paragraph does not adequately allege that NRWIB or JJDULA were Edwards' employers. The meaning of the term "multi-partnership entity" is unclear to the court, particularly in light of the fact that many of the defendants are individuals, and in light of the reference to the Department of Labor.

Moreover, even if the court were to consider the Amended Complaint in lieu of the Second Amended Complaint, it would find that Edwards has not adequately alleged that either NRWIB or JJDULA was her employer. She alleged that "New Opportunities, Inc., in agreement with the Northwest Regional Workforce Investment Board, the City of Waterbury and Catherine Awwad, took over the Workforce Connection entity" while Edwards was employed by Workforce Connection. Am. Compl. at 8. Even a broad

construction of this allegation does not establish that NRWIB formally became her employer, nor that it became a single integrated enterprise that was Workforce Connection, nor that it became a joint employer with Workforce Connection.  The Amended Complaint alleged that a Senior Aide from JJDULA assaulted and harassed Edwards, and that this aide was allowed to remain on the job for seven months after the assault, id. at 19, but nowhere does it allege that JJDULA employed Edwards.

Therefore, the court grants the motions to dismiss with respect to any Title VII claims against NRWIB or JJDULA, without prejudice to Edwards to replead these claims within 10 days from the date of this ruling, if she has a good faith basis to assert that either of these two entities was her "employer," in light of the case law cited above.

Moreover, because Edwards has not alleged that NRWIB or JJDULA was her employer, the court grants the motions to dismiss with respect to any claims against these two defendants asserted pursuant to Conn.Gen.Stat. § 46a-60(a)(1).  See Conn.Gen.Stat. § 46a-60(a)(1) (prohibiting discriminatory conduct by an "employer, by the employer or by the employer's agent"); id. at § 46a-51(10)[6]; Lenoble v. Best Temps, Inc., 352 F.Supp.2d 237, 243 & n.2 (2005) (holding that the Title VII single and joint employer analyses apply to CFEPA); see also Brittell v. Department of Correction, 247 Conn. 148, 164 (1998) (holding that the CFEPA was intended to be co-extensive with Title VII and that Title VII caselaw should be used as a guide to interpreting CFEPA). This dismissal is similarly without prejudice to the plaintiff to replead CFEPA claims

---

[6]"'Employer' includes the state and all political subdivisions thereof and means any person or employer with three or more persons in such person's or employer's employ."  Conn.Gen.Stat. § 46a-51(10)

against NRWIB and/or JJDULA within 10 days, if she has a good faith basis to do so in light of the case law cited above.

### D.     Equal Protection Claim

The defendants have not moved to dismiss any other claims.  However, the court notes that Edwards would not appear to have standing to assert the equal protection claim in Count 6, which appears to allege that Awwad and Belforti discriminated against Hispanic clients, rather than against Edwards.  See generally 13 Charles Alan Wright et. al., Federal Practice and Procedure §§ 3531, 3531.4, 3531.9.  Edwards is ordered to show cause within 10 days why this claim should not be dismissed, if indeed she intended to state an equal protection claim separate from her employment discrimination claims.

### E.     Title VII and CFEPA Claims Against Non-Moving Defendants

The court also notes that the Connecticut Department of Transportation, New Opportunities, Inc., James J. Gatling, Toni Hirst, Kathleen Maness, Ivory Anders, Shanae McIntyre, Patricia Rossi, Lynn Musto, Barbara Place, Tracy Giorgio, Jill Harjula, RideWorks of Greater New Haven, Inc., and Carolann Belforti do not appear to be alleged employers of the plaintiff.  However, the court orders the plaintiff to show cause, within 10 days of this ruling, why these claims should not be dismissed on the ground that the defendants named in this paragraph are individuals or entities whom Edwards has not alleged to be her employers.  The court also orders the plaintiff to show cause, within 10 days of this ruling, why the CFEPA claim against the Department of Labor should not be dismissed on grounds of Eleventh Amendment sovereign immunity.

10

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES as moot, without prejudice to the moving defendants, the three motions for a more definite statement [**Doc. Nos. 23, 35, & 48**].  The court GRANTS the JJDULA defendants' partial motion to dismiss [**Doc. No. 43**].  The court GRANTS in part and DENIES in part the NRWIB defendants' partial motion to dismiss [**Doc. No. 20**].  It grants the latter motion to dismiss with respect to all claims against the NRWIB defendants, except the claim against Awwad pursuant to Connecticut General Statutes § 46a-60(a)(5).  Any Title VII and Connecticut General Statutes § 46a-60(a)(1) claims asserted against Awwad, Tynan, Craig, O'Connor, Carr, or Bathur are dismissed with prejudice.  The claims against NRWIB and JJDULA themselves are dismissed without prejudice to the plaintiff to replead within ten days, if she can in good faith, and with a basis in fact and law, allege that NRWIB and/or JJDULA were her employers.

Thus, the following claims remain in this case:

1.    Claim against Awwad pursuant to Connecticut General Statutes section 46a-60(a)(5),  2d Am. Compl. Counts 1, 3, 7 [Doc. No. 49];

2.    Claims pursuant to Title VII and Connecticut General Statutes section 46a-60(a)(1) against those defendants who have not filed a motion to dismiss.  2d Am. Compl. ¶ 6 [Doc. No. 49].  However, the court has ordered the plaintiff to show cause why all of these claims, with the exception of the Title VII claim against the Department of Labor, should not be dismissed.  See supra, Part III.E.

3.    Common law fraud claim against Awwad.  2d Am. Compl. Count 4 [Doc. No. 49].

4.    Equal protection claim on behalf of Hispanic clients.  Id. at Count 6.  However,

11

the court has ordered Edwards to show cause why this claim should not be dismissed.  See supra, Part III.D.

5.      Any additional claims the plaintiff is attempting to assert in Counts 2, 4, 5, 8, or 9. However, the court has ordered Edwards to show cause why the court should not dismiss these claims as well.  See supra, Part I.

Should any defendant wish to file a (further) motion to dismiss a claim in the Second Amended Complaint [Doc. No. 49], he/she/it may do so only with regard to issues that this court has not already addressed and resolved.  He/she/it may file such motion no earlier than July 21, 2006, a date by which the court expects to have addressed the plaintiff's responses, if any, to its order to show cause, but no later than August 14, 2006.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of June, 2006.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge